F. G. HENTIG v. THE SOUTHWESTERN MUTUAL BENEVOLENT ASSOCIATION *et al.*

1. ATTORNEY'S LIEN — *Joinder of Actions.* An action against a mutual life insurance association and a person holding an insurance certificate in such association, to enforce an attorney's lien for services for the holder of such certificate, cannot be joined with an action on an official bond, given by the officers of the association, under chapter 131 of the Laws of 1885.

2. LIEN — *Enforcement — Facts to be Alleged.* In a petition against an assessment insurance association, to establish an attorney's lien, it is necessary to allege that the funds upon which a lien is claimed were a part of the proceeds of the assessment made on account of the death of the person named in the certificate, upon which the judgment had been rendered, wherein the services had been performed, or allege that the company had funds sufficient to pay the claim out of the surplus fund of the company.

*Error from Shawnee District Court.*

THE opinion states the nature of the action, and the material facts. · Judgment for the defendant *Association* and others, at the April term, 1888. The plaintiff *Hentig* comes to this court.

*F. G. Hentig,* plaintiff in error, for himself.

*Johnson, Martin & Keeler,* for defendants in error.

Opinion by GREEN, C.: This action was commenced in the district court of Shawnee county, to enforce the payment of an attorney's lien. As a first cause of action, the claim is made in the "amended and consolidated" petition, that one George P. White held a certificate of membership in the Southwestern Mutual Benevolent Association on the life of his wife, who had died, for the sum of $2,500; that the plaintiff, who was a practicing attorney, had made a contract with White whereby it was agreed between them that the plaintiff was to collect said certificate, and for his services was to have a sum equal to 50 per cent. of the amount of said certificate;

that he sued the insurance company, and obtained a judgment
thereon for $1,360, on the 26th day of July, 1886; that on
the 17th day of November, 1885, the insurance company had
money in its hands due and owing the said George P. White,
and the plaintiff gave a notice to the company in writing that
he claimed a lien upon the money in its hands due White, to
the amount of $1,250, for his fees; that he filed a copy of
said notice with the clerk of the district court; that the in-
surance company afterward settled with White without his
knowledge, by an assignment of the judgment to J. W. Brown,
one of the defendants, who caused a satisfaction to be entered
of said judgment.

For a second cause of action, the plaintiff declares upon a
bond given by the insurance company, under chapter 131 of
the Laws of 1885, and as a breach of the bond says: "That
they failed, neglected and refused to proper payment and dis-
bursement make, of the sum of twelve hundred and fifty dol-
lars, which came into their hands, to the legitimate purposes
of the association, but caused the same to be paid to George
P. White and J. W. Brown." The action is against the as-
sociation and the bondsmen, and George P. White, but no
service was made upon him. A demurrer was interposed to
this petition, on the ground that several causes of action were
improperly joined, and that it did not state facts sufficient to
constitute a cause of action. The demurrer was sustained,
and the plaintiff in error brings the case here, and asks a re-
versal of this ruling of the court below.

A number of errors are assigned to the rulings of the court
prior to the filing of the last amended petition. It is not
necessary for us to pass upon them, because the plaintiff, in
filing his pleading and complying with the order of the court,
waived any right to complain of the order. Having filed
his "consolidated and amended petition," no substantial right
of his has been thereby prejudicially affected. (*Lindh v. Crow-
ley*, 26 Kas. 47.)

Can the cause of action for an attorney's lien be united
with an action on the bond given by the association, under

chapter 131 of the Laws of 1885? This court has held that the bond given is an official bond, and not a corporation bond. The promise is made for the officers and not for the association itself. (*Life Association v. Lemke*, 40 Kas. 664.) The giving of this bond is a statutory requirement and constitutes one separate and distinct transaction, and is in no way connected with the transaction out of which the claim of the plaintiff arose, in which he claims an attorney's lien. His contract with White, his suit against the association, and his effort to obtain a lien, grew out of one transaction, but the liability on the official bond is an entirely different transaction. Each cause of action attempted to be stated in the pleading did not arise out of the same transaction, or the same thing done; one was the failure of White to make proper compensation to his attorney, and the neglect of the association, after notice given to pay the amount claimed, all growing out of the contract made with White, for certain services. The other is the official liability of certain persons in giving a bond that certain officers of an insurance association will faithfully perform what will be required of them during their terms of office. It is quite apparent that each cause of action arose out of entirely different transactions. It will be seen, too, at a glance, that the several defendants are not charged in the same character. The defendants in each cause of action must be the same; that is, all the parties must be affected by each cause of action. The language of §83 of the code is: "But the causes so united must all belong to one of these causes, and must affect all of the parties to the action, except in actions to enforce mortgages or other liens." The first cause of action in this case does not affect the bondsmen, who are alleged to be liable in a representative character. It is one of the prerequisites to the uniting of different causes of action that all of the causes of action must affect all the parties to the action. (Pom. Rem. §479; Bliss, Code Pl. §123; *Harsh v. Morgan*, 1 Kas. 293.) We think the plaintiff failed to state facts sufficient, in his first cause of action. The allegation that the association had money in its hands due White, at a certain time, was not

sufficient to require the defendants to answer. It appears from the petition that one of the defendants was an insurance company, organized on the mutual plan, and the only way it had of raising funds to pay a particular certificate was to make assessments upon the members when a death occurred; and there is no allegation in the petition that the sum of money on hand was derived from an assessment made on account of the particular certificate sued upon in the original action against the association. The officers of the association could only be required to pay the particular loss out of the funds derived from the assessment made on account of it, unless it was shown that they had a surplus fund in the treasury of the association, out of which it could be paid. The officers of such societies are trustees for the funds of the association and should be held to a strict account of each particular fund. We think the demurrer was properly sustained.

It appears from the record that no service was made upon the defendant George P. White. We think he is a necessary party in that branch of this action in regard to the establishment of the plaintiff's right to an attorney's lien, and would suggest that service should be made upon him, before further action is taken in the case.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.