ROBERT O. RIZER v. THE BOARD OF COMMISSIONERS OF DAVIS COUNTY *et al.*

ACTION *by County Treasurer against County Board and Sureties — Misjoinder.* A cause of action against the board of county commissioners of a county in favor of one who had been treasurer thereof, for an accounting and settlement of his accounts as such treasurer, cannot be joined with a cause of action in his favor, against the sureties on his official bond, for wrongfully converting property deeded by him in trust for the protection of said sureties from loss, as sureties on said official bond.

*Error from Geary District Court.*

THE opinion contains a sufficient statement of the case.

*Thomas Dever,* for plaintiff in error.

*J. R. McClure,* and *J. V. Humphrey,* for defendant in error.

Opinion by STRANG, C.: Robert O. Rizer was elected treasurer of Davis county in 1875, and took possession of said office in October, 1876, holding the same until October, 1880. At that time his accounts as treasurer of said county were unadjusted, and the county claimed that he was a defaulter in

the sum of $11,700. Rizer denied that he was a defaulter, or that he was indebted to the county. But to satisfy his bondsmen, defendants with the county herein, pending an investigation of his said accounts, he made a deed of certain real estate in trust to Jacob Callen, for the use of his said bondsmen, in case they should suffer loss by reason of having become sureties on his bond. At the time said deed was made, said sureties agreed in writing with the plaintiff to carefully investigate and determine the true *status* of the plaintiff's accounts with said county, before disposing of any of the property conveyed in said deed of trust for their use, and if it was found, as plaintiff believed, that he was not indebted to said county, to release and return said property to the plaintiff; and if it should be found that the plaintiff was indebted to said county in a sum less than the value of the property conveyed, they should return to him the balance of the proceeds of said property. Afterward, without any attempt on the part of said sureties to ascertain the true *status* of the accounts of the plaintiff with said county, and without consulting with the plaintiff, they paid the commissioners of said county a large sum of money to compromise the alleged claim of said county against the plaintiff as such treasurer, and for that purpose disposed of the entire property in said deed of trust conveyed, and never returned to the plaintiff any of the proceeds thereof. At the time that the money was paid by said sureties to the county, the said sureties and the board of county commissioners of the county agreed with the plaintiff to adjust and settle his accounts as treasurer of said county, and if it should be found that the plaintiff was not indebted to said county, the said board of commissioners would pay the money so paid to the county back to him; and if he should be found indebted to said county in a sum less than the amount they received for the county, they promised to pay back to him any surplus over and above his actual indebtedness. But when the plaintiff sought a settlement with said commissioners, they put him off from time to time, and finally wholly refused to settle with him.

In January, 1887, the plaintiff presented a full, complete and true statement of his accounts as said treasurer with said county to the board of county commissioners thereof, showing said county to be indebted to him, on his original accounts as treasurer, in the sum of $11,674.90, besides interest, amounting in all to $17,232.20. The refusal of the board of county commissioners to adjust his accounts and settle with the plaintiff; the neglect of said sureties to investigate said accounts and determine the true *status* thereof as between the said county and the plaintiff as treasurer thereof; the compromise by said sureties with the county of the alleged claim of said county against the plaintiff, without consulting him; the disposal of the property in the deed of trust conveyed, in violation of their agreement with the plaintiff, and the refusal of said sureties to account to the plaintiff for said property; and all the acts of said board of county commissioners and of said sureties concerning the accounts of the plaintiff as treasurer with said county, and all their acts in relation to the said property of the plaintiff, were in pursuance of a fraudulent conspiracy and design on the part of all of said defendants to defraud the plaintiff out of the amount due him as treasurer of said county, and out of all the property conveyed by him in trust for said sureties. The plaintiff first learned of the conspiracy and design on the part of the defendants to so cheat and defraud him within two years prior to the commencement of this suit. The defendants demurred to the petition filed in the case, which demurrer was sustained. An amended petition was then filed, which was demurred to, and this demurrer was also sustained.

The questions arising on the demurrer are the only ones in the case. An examination of the petition satifies us that there are two or more causes of action improperly joined therein. The petition states a cause of action in favor of the plaintiff against the county of Davis, upon his accounts with said county as treasurer thereof, and prays for an accounting with said county and for a judgment against said county for the sum of $17,230.20. It also states a cause of action in

favor of the plaintiff against the defendants other than the board of county commissioners, as sureties on his official bond as treasurer, for wrongfully converting property deeded to them in trust, for their protection against loss on account of having become sureties on said bond. And the petition, probably, states a cause of action against the board of county commissioners of said county, and the other defendants, for so much money as was paid by said sureties to the board of county commissioners to compromise the alleged claim of said county against the plaintiff. At least, the petition states two causes of action — one against the county alone, and another against the sureties on the official bond, the defendants other than the county commissioners. The cause of action against the county for an accounting in no wise affects the sureties on the plaintiff's bond. He could not have a cause of action against the sureties on his official bond for any sum the county might owe him as treasurer thereof. And since this cause of action cannot affect any of the defendants other than the board of county commissioners, and is joined with a cause of action against the other defendants, it follows that the two causes of action are improperly joined. The language of § 83 of the code is: "But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, except an action to enforce mortgages or other liens." In *Hentig v. Benevolent Association*, 45 Kas. 462, the court says: "It is one of the necessary prerequisites to the uniting of different causes of action, that all the causes of action must affect all the parties to the action." (See Pom. Rem., § 479; Bliss, Code Pl., § 123; *Harsh v. Morgan*, 1 Kas. 293.) Since our views upon this question affirm the judgment of the district court on the demurrer, we will not consider the other questions raised by the demurrer, but suggest that perhaps Jacob Callen may be a necessary party to a settlement of the question growing out of the property conveyed by the deed of trust in which he was made the trustee.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.