JOHN W. JASPER, Plaintiff and Respondent, v. ARTHUR H.
HAZEN, Defendant and Appellant.

**Pleading—Distinct Causes of Action—Demurrer.**

> The complaint sets out separately three causes of action. The first
> and second embody claims against the defendant as trustee under a
> voluntary trust arrangement between the parties, which is stated in
> both causes of action. The third cause of action is for taking posses-
> sion of, collecting, and converting the proceeds of a promissory note
> belonging to the plaintiff and refusing to turn over the proceeds on
> demand. The defendant demurred to the complaint on the ground
> that it improperly united different causes of action, in this: that it
> united a claim at law against defendant for converting personal prop-
> erty, as stated in the third cause of action, with claims against defend
> ant as trustee, as stated in the first and second causes of action. The
> demurrer was overruled by the district court. *Held*, that the ruling
> was error.

(Opinion Filed Feb. 15, 1892.)

*A*PPEAL from district court, Cass county; Hon. WILLIAM
B. McCONNELL, Judge.

*A. C. Davis*, for appellant.    *M. A. Hildreth* (*C. A. Pollock*,
of counsel), for respondent.

Action by John W. Jasper against Arthur H. Hazen to com-
pel him to account for the proceeds of a farm and certain per-
sonal property. From an order overruling defendant's demur-
rer to the complaint, defendant appeals. Reversed.

The opinion of the court was delivered by

WALLIN, J.   The complaint in this action contains three
causes of action, and each is separately stated. The first cause
of action is voluminous, but it need not be set out in full in order
to understand the questions involved on this appeal. The first
cause of action is fairly summarized in appellant's brief as fol-
lows: "Plaintiff having made to defendant an absolute convey-
ance of his farm to secure the latter against liability as plain-
tiff's bail, and defendant having been fully exonerated as such
bail, plaintiff thereupon became entitled to a reconveyance; but,
being in jail and unable to attend to his business affairs in per-

son, he was persuaded to let defendant retain the title to the farm and take possession thereof, with the personal property thereon, upon trust to take charge of, work, and operate said farm, pay off and discharge the incumbrances thereon, and, upon the expiration of plaintiff's imprisonment, to reconvey the farm, restore the personal property, and fully account to the plaintiff. It is alleged that defendant violated said trust by appropriating the subject thereof to his own use, and refusing to account; and an accounting is prayed for." The second cause of action contains a restatement of the principle facts alleged in the first, adding, however, a detailed description of the personal property which it is stated the plaintiff then had in his possession on the farm, and then intrusted to the defendant's keeping, to be held in trust, as stated in the first cause of action. Such personal property consisted wholly of farm property, animals, and household effects then upon the farm. No note was mentioned. The personal property is alleged to be of the value of $1,275, excluding the value of the note, and the allegation is reiterated that defendant has converted both the land and personal property to his own use, and has failed and refused to account. As the contention turns especially upon the third cause of action, we give it in full: "For a third cause of action plaintiff makes part thereof each and every allegation contained in the first and second causes of action herein, so far as the same set forth the promises and agreements made by and between plaintiff and defendant and the obligations arising therefrom; and further alleges (1) that on the said 20th day of March, 1885, plaintiff was the owner of a promissory note theretofore executed to plaintiff by one L. M. Kimball, wherein said Kimball promised to pay the plaintiff the sum of seventy-five dollars on a certain day in the fall of the year 1885, the exact date of the maturity of which note the plaintiff does not now remember; (2) that at the said time the note was in the possession of Fuller, Johnson & Co., and, after plaintiff's removal to the penitentiary, defendant, by means unknown to plaintiff, obtained possession of said note, and collected the amount thereof from said Kimball, and converted the same to his own use, to plaintiff's damage seventy-five dollars; (3) that prior to the commencement of this action

plaintiff demanded of defendant the said money so collected, but that defendant refused to pay the same or in any wise to account therefor to plaintiff." The prayer is that defendant be required to account for the proceeds of the farm, and also for the proceeds of the personal property, including the note, with interest. The following details, which also appear by the complaint, may here be conveniently grouped, viz: That the deed of plaintiff's farm was delivered to defendant on March 20, 1885; that the trust agreement was entered into on April 20, 1885; that the farm and the farm property before mentioned was, in furtherance of the trust, turned over to the defendant on May 20, 1885. The plaintiff was convicted and sent to the penitentiary in June, 1885, and he was not released until March, 1888. Defendant demurred to the complaint, setting up the following ground: "That it appears upon the face of the complaint that several causes of action have been improperly united therein, to-wit, a cause of action against said defendant in the character of trustee for an accounting, and a cause of action at law against said defendant for the conversion of a promissory note." The district court overruled the demurrer, and the defendant appealed from its order, and assigns it as error.

The single question for determination is whether the acts and transactions of the defendant in relation to the $75 note, which are stated separately as the third cause of action, are properly united in the same complaint with those other matters and transactions which are set out in the first and second causes of action. The matters set out in the first and second causes of action are confessedly and clearly of a character which involve a relation of trust between the parties to the action, and hence, as was held by this court on a former appeal of this action, such matters must be heard and disposed of by a court of equity, and not by a court of law. 1 N. Dak. 75. All of the claims of the plaintiff against the defendant, as stated in the first and second causes of action, are clearly such as may be united in one complaint against a trustee as such. Subdivision 7, § 136, Code Civil Proc. (Comp. Laws, § 4932) expressly provides that several causes of action may be united in a complaint where there are "claims against a trustee by

virtue of a contract, or by operation of law." From this it appears that only such claims as are against "a trustee" can be united in an action against a trustee, as such. It follows that unless the $75 note transaction is a claim against the defendant as a trustee it cannot be united in the same action with the other claim against the defendant in that capacity. If the facts as pleaded in the third cause of action show a trust relation with respect to the $75 note transaction, whereby a claim in plaintiff's favor against the defendant as trustee is established, then it follows that the third cause of action is properly united with the others; otherwise such note transaction is improperly united. We are entirely clear that the facts pleaded as a third cause of action do not show a claim against defendant as a trustee. It is not claimed by respondent's counsel that a trust relation is created in express terms, with respect to the note, by any averments found in either the first or second causes of action; nor is the note, or any note, referred to as a part of the personal property which, on May 22, 1885, was on the farm, and delivered to the defendant in trust. Such personal property is carefully enumerated, and its value stated in the second cause of action; but no allusion is made to any note. But respondent's counsel contends that certain general language, occurring in both the first and second causes of action, fairly construed, is broad enough to create between the parties in plaintiff's favor a general agency, or a trusteeship covering not only the farm and the property and business connected therewith, but including as well all other property and all other business of the plaintiff, whether turned over or alluded to in terms or not. The language referred to is similar as used in both the first and second causes of action, but is stated more strongly and favorably to the plaintiff in the first cause of action as follows: "Plaintiff let defendant have possession of said farm, together with all the said personal property; and for the same consideration, and no other, gave to defendant the entire management of all his business affairs during the period of his imprisonment." It is elementary that broad and sweeping grants of authority, such as that above quoted, will not operate to create an agency which covers and includes all the

principal's business of every name and variety; but, on the contrary, such general investiture of authority will be strictly confined to the particular kind of business which is actually placed in the agent's hands for control and management. Civil Code, § 1360; Comp. Laws, § 3983. But, should we concur with the views of plaintiff's counsel, and hold that the language of the complaint found in the first and second causes of action is broad enough to create an agency and trusteeship in the defendant, embracing all the business affairs of the plaintiff of every name and nature, we cannot see how such a construction could save the pleading. To constitute a claim against a trustee it is not sufficient to aver generally that at a time stated, and in a particular manner, the defendant was made a trustee, and that the plaintiff is the beneficiary of the trust. The allegations must go further, and show affirmatively that the trustee as such did something; for example, in this case, that defendant, in his trustee capacity, took possession of and collected the note. No such averments are in the complaint. On the contrary, the pleader has been studious to exclude that theory. The purpose to exclude such a theory appears both directly and indirectly. In the first place, if the note transaction is not in fact an independent matter and cause of action, it follows that the rules of pleading will not permit it to be set out separately as an independent cause of action, as it is in fact set out and pleaded. Again, if it were supposed for plaintiff's benefit—the fact not being stated—that defendant as a matter of fact took possession of the note under color of the trust arrangement set out in the first and second causes of action, it would follow that the plaintiff could introduce evidence of such fact under the allegations of the first and second causes of action, and, if they are not broad enough, they could be amended; hence the third cause of action would, upon this theory of the case, be superfluous as well as bad pleading. But the language of the third cause of action, when the words used are construed according to their natural and ordinary meaning, imports clearly that the note transaction was disconnected from the trust pleaded in the other parts of the complaint, and stands upon an independent state of facts. After describing

the note, and stating that the plaintiff was its owner on March 20, 1885, the complaint proceeds in its third cause of action: "That at said time said note was in the possession of Fuller, Johnson & Co.; and, after plaintiff's removal to the penitentiary, defendant, by means unknown to the plaintiff, obtained possession of said note, and collected the amount thereof from said Kimball, and converted the same to his own use, to plaintiff's damage $75." This language states a good cause of action at law for the conversion of personal property, but nothing in the language indicates that the transaction was in its nature a trust matter. Respondent's counsel, conceding that the averment in form sets out a cause of action at law originating in a tort, argues that the plaintiff has a right to waive the tort, and sue for money had and received upon an implied contract. This may be conceded without removing the difficulty. The vital question is whether the note transaction gives rise to a claim against defendant as a trustee, and it does not at all matter whether the claim arises on contract or originates in a wrong.

Counsel further argues that the first paragraph of the third cause of action carries forward and incorporates with that cause of action all allegations in the first and second causes of action, "so far as the same set forth the premises and agreements made by and between plaintiff and defendant, and the obligations arising therefrom." As already shown there are no averments of the complaint connecting the note transaction with any trust between the parties; but we deem it proper to add that the language quoted above cannot, under the rules of pleading, operate to make any allegations of the first and second causes of action a part of the third. Each cause of action must be complete in itself, but some courts permit a reference to be made to distinct allegations or serparate paragraphs in a preceding cause of action, where the same embody distinct averments of fact, and by such reference re-allege the same facts in a later cause of action. This is perhaps the better rule. It appears to be the rule in New York. Simmons v. Fairchild, 42 Barb. 404; Manufacturing Co. v. Beecher, 55 How. Pr. 193. But a recent case in California is strongly adverse to such a rule. Pennie v. Hil-

dreth, 81 Cal. 127, 22 Pac. Rep. 398. But no authority can be found which will support the language in question as a proper mode of alleging a fact by reference to the preceding parts of the complaint. The reference does not point out any particular averment, paragraph, or part of the complaint by number, page, or otherwise; but it leaves court and counsel to explore the voluminous matter referred to in quest of "promises and agreements," and, if any promises and agreements are found, then to scrutinize the same closely, in quest of "obligations" arising thereon. It is obvious that such a vague reference to preceding parts of the complaint is quite ineffectual to point out any particular averments of fact which the pleader desires to re-allege as a part of the third cause of action; and consequently the first paragraph of the third cause of action must be eliminated, or not considered, as an additional averment of fact. But this in no way affects the disposition of the case, for, as has been seen, we should reach the same conclusion if all of the preceding parts of the complaint were restated in the third cause of action. Our views of the case will render necessary the framing of the new complaint; and to avoid further delays, occasioned by mistakes of procedure, we now take occasion to suggest that in our opinion the series of transactions which are set out in the first and second causes of action (while they include matters relating to both real estate and personal property, and the title and management of both) form only a single trust arrangement, and the refusal to account gives rise to only a single cause of action or claim against the defendant as trustee. If it be true, by reason of existing facts, which are not alleged in the complaint before us, that the note was taken possession of by defendant under color of the trust arrangement set out in the first and second causes of action, then the note matter can be investigated as an item in that trust arrangement, despite the fact that the note may not have been delivered to the defendant with the other trust property. In no event should the note matter be placed as an independent cause of action against defendant as trustee, unless the note transaction, by reason of its own peculiar facts, gives rise to a distinct and separate trust, and thereby becomes the source of an independ-

ent claim against the defendant in his fiduciary capacity. The assignment of error is sustained, and the order of the district court must be reversed. All concur.