Benson v. Battey.

―――――

A. W. BENSON, *as Receiver of the First National Bank of Emporia, et al.*, v. R. T. BATTEY *et al.*

No. 13,465. (78 Pac. 844.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Joinder of Actions.* A cause of action for equitable accounting against two of the defendants in an action cannot be joined in a petition with a cause of action at law to recover damages in tort against another defendant not affected by the first cause of action.

2. ―――― *Joinder—Condition Precedent.* Except in cases to enforce mortgage and other liens, it is a prerequisite to the joinder of causes of action in a pleading that all the causes of action should affect all the parties to the action.

3. ―――― *Demurrer for Misjoinder.* Where the petition contains two or more causes of action which cannot be properly united in the same action, the fact that they are blended and commingled in one statement, instead of being set forth in separate counts, will not deprive the defendant of his right to demur for misjoinder.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed December 1, 1904. Affirmed.

*Rossington, Smith & West, Garver & Larimer, R. F. Hayden,* and *A. L. Redden,* for plaintiffs in error.

*Waggener, Doster & Orr, John Madden, Gleed, Ware & Gleed,* and *Ferry & Doran,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J. :  William Martindale instituted an action against R. T. Battey, Calvin Hood, and Isaac E. Lambert, and he also named as defendants Elizabeth Holderman and others of his creditors, asking that they be ordered to set up whatever claims they had in the premises.   In his final amended petition he alleges that he was owing a number of persons $170,000, and to secure the payment of the indebtedness he agreed with his creditors to transfer his real estate and other property to a trustee, to be named by Judge William C. Hook—such trustee to convert the property into money and apply the same to the payment of the debts of Martindale.   R. T. Battey was appointed trustee in accordance with the agreement.   He accepted the trust, and gave a bond for the faithful performance of his duty, after which Martindale and his wife conveyed to him property, largely lands, of the value of $144,500.

It is alleged that Lambert was an attorney of Battey, and should have aided him in the faithful execution of the trust ; that he was also an attorney of the receiver of the First National Bank of Emporia, one of the creditors of Martindale, and that Battey and Lambert, instead of honestly and faithfully endeavoring to sell the property for the highest and best price that could be obtained therefor, so that all the creditors of Martindale might be paid and all his debts discharged, conspired with Calvin Hood to sell the property to the latter for a grossly inadequate price.

19—70 KAN.

To carry out the fraudulent purpose they arranged it so as to prevent competition, in this, that notice of the sale was printed in an Emporia newspaper only; that all the property, real and personal, was to be sold in bulk, without fixing a minimum price, although the real estate was composed of several different tracts, located in several counties of Kansas and Colorado, and when they well knew that better prices would be obtained if the tracts should be sold separately, and the personal property sold separately from the real. It is averred that abstracts of title were not seasonably furnished; that those furnished were incomplete and defective, and that only three days were given for the examination of a large number of abstracts, when a much longer time was needed. Conditions were imposed, information withheld, and obstructions placed, so that an intelligent and safe bid could not be made, and this was done by Battey and Lambert for the purpose of deterring bidders and to enable Hood to acquire the property at much less than its value. There were bidders, whose names were given, who desired to purchase, and would have purchased, the property at a fair price, if Battey and Lambert had given the proper information and opportunity, as it was their duty to do.

It is further alleged that a proceeding brought in the federal court by Ford Harvey, a creditor, against the trustee was used to effectuate the fraudulent purpose mentioned. An order of that court enjoining the sale was obtained, and it is averred that, during its pendency, Lambert procured an assignment of Ford Harvey's claim to Calvin Hood, keeping all knowledge of the transfer from the court and from the other parties, and providing that a decree should be entered as if Harvey was still the owner. By misrepresentation

and duplicity, a number of creditors were induced to come in and stipulate that a sale of the property might be made under the direction of that court, and that an offer by Hood of $41,000 for the property was the best that could be had.   This offer the court was asked to approve, and did so.   In pursuance of the order of the court and sale, a deed was made by Battey to Hood, conveying the entire property for the small sum of $41,000.   The court, it is alleged, was deceived, and the order obtained by false representations, which are elaborated in the petition ; and, more effectually to carry out the plan and defraud the plaintiff and his creditors, it is alleged that Hood at once sold and conveyed most of the real estate to innocent purchasers. The property so sold for $41,000 was worth more than $140,000, and this was well known to Battey, Lambert, and Hood.

If the trustee had faithfully administered his trust, and had not collusively and fraudulently sold the property to Hood, enough would have been realized to satisfy all the creditors of Martindale.   The prayer of the petition is that the proceedings and orders of the federal court be declared collusive and fraudulent as against the rights of Martindale and his creditors not participating in the proceedings, and asking a judgment against R. T. Battey, Isaac E. Lambert, and Calvin Hood ; that they duly account to him for the full market value of all the property sold, conveyed and converted by them, or either of them, to innocent holders and purchasers thereof, and that upon said accounting this plaintiff have judgment against Battey, Lambert and Hood for the sum of $90,000.

The foregoing is but a brief statement of the material facts contained in the petition.   In substance the averments of the petition in *Holderman v. Hood*, im-

mediately preceding (78 Pac. 838), are the same as those pleaded here, and a full statement of the facts in the transactions, including the important documents and exhibits, may there be found. In their cross-petitions filed herein the creditors named as defendants came in and set up substantially the same facts that were pleaded by Martindale, and asked to share in the judgment that might be rendered. Battey, Hood and Lambert each separately demurred to the petition, and also to the cross-petitions, upon several grounds, including the one that several causes of action were improperly joined, and another, that the facts are insufficient to constitute a cause of action. The demurrers were sustained, and from these rulings error is assigned.

Is there a misjoinder of causes of action? In its main features, including the prayer, it is clear that as to two of the defendants an action for an equitable accounting of the trust funds wrongfully diverted and misappropriated is pleaded. Battey is, of course, liable as trustee to account for and pay over to those beneficially interested, not only the proceeds of the sale made to Hood, but all that he should have received from a *bona fide* sale of the trust estate after an honest, diligent effort to obtain its full value. A court of equity may enforce the trust against all those who come into the possession of the estate, or the proceeds of it, with notice of the trust. Every one who wrongfully obtains any part of the trust funds may be required to account to the beneficiaries to the extent of the amount which each received. Battey had possession of all the estate, and, of course, can be required to account for all disposed of in violation of his trust. Hood, who, it is alleged, connived with Battey, and came into possession of the greater part of the estate,

is treated in equity as a trustee, and can be required to account for the part he received ; that is, the difference between what he paid for the property and the amount for which it should have been sold.   If Lambert had purchased or acquired any of the property or funds through the faithless trustee, equity would regard him as a trustee also, and he might have been required to account and pay the amount which he received in consequence of the breach of trust.

There is nothing in the petition, however, to show that Lambert purchased any of the lands or came into the possession of any of the trust funds belonging to the estate.   Having none of the property and funds he has nothing for which he can be required to account, and, therefore, the cause of action to account equitably, which is good as to the other parties, is insufficient as to him.

A cause of action of another character, however, was alleged against Lambert.   The wrongs alleged to have been committed by him are sufficient to constitute a cause of action sounding in tort, for which he is liable in damages to the extent of the injury inflicted.   As already held in *Holderman v. Hood, supra,* an action in tort may be maintained against those who fraudulent unite with and aid a trustee to sell trust property for less than its value, and the injured beneficiary may recover from each tort-feasor the entire damages sustained.   The objection to a recovery against these parties, including Lambert, for the wrongs alleged, was considered in *Holderman v. Hood, supra,* and found to be without force.   The action against Battey and Hood, as we have seen, is distinctly one for an equitable accounting, but such a cause of action is not alleged against Lambert.   However, he is made a party, and a good cause of action, not

in equity, but in law, for damages, is stated against
him, for which a recovery is asked.    These causes of
action cannot be united.    One is in equity, for an ac-
counting, and the other an action at law, for damages.
In one, two defendants are treated as trustees, and,
in the other, the third defendant is treated as a tort-
feasor.    In one, the recovery sought is that each de-
fendant account for so much of the trust fund as he
obtained and holds in violation of the trust; and the
other is for the full amount of the damages inflicted
by the wrong-doing of a defendant, without regard to
whether he received, or holds, any of the trust funds.
In the equitable accounting, the determination would
be by the court without a jury ; and in the action for
damages, Lambert would be entitled to a jury trial as
a matter of right.    Thus it appears that in their na-
ture the two causes of action are entirely unlike, and
the measure of liability in each, and also the methods
of trial, are different.    Although arising largely out
of the same acts and wrongs, the remedies are dis-
tinct, and, as seen, each does not affect all of the de-
fendants.

The code classifies the causes of action, specifying
particular claims under each class which may be united
in the petition, but it provides specifically that "the
causes of action so united must all belong to' one of
these classes, and must affect all the parties to the
action, except in actions to enforce mortgages or other
liens."    (Civil Code, § 83 ; Gen. Stat. 1901, § 4517 ;
*Hoye v. Raymond,* 25 Kan. 665 ; *Lindh v. Crowley,* 26
id. 47.)    Even if the causes of action united in this
petition were not in their nature incongruous, the
fact that each does not affect all of the defendants
would render the petition demurrable for misjoinder
of causes of action.    The causes of action included in

the petition were not separately stated,.it is true, but the fact that they were blended and commingled in one statement does not cure the defect of the mis-. joinder, nor prevent the operation of the demurrer. (*Haskell County Bank v. Bank of Santa Fe*, 51 Kan. 39, 32 Pac. 624 ; *A. T. & S. F. Rld. Co. v. Comm'rs of Sumner Co.*, 51 id. 617, 33 Pac. 312 ; *Goldberg v. Utley*, 60 N. Y. 427 ; *Wiles v. Suydam*, 64 id. 173 ; *Wright v. Connor*, 34 Iowa, 240.)  In *Hentig v. Benevolent Association*, 45 Kan. 462, 25 Pac. 878, it was said that "it is one of the prerequisites to the uniting of different causes of action that all the causes of action must affect all the parties to the action."  In *Rizer v. Comm'rs of Davis Co* , 48 Kan. 389, 29 Pac. 595, it was held that a cause of action for an accounting against certain defendants could not be joined with a cause of action against other defendants for the wrongful conversion of trust property..

As tending to sustain the view that there was a misjoinder of causes of action, and that the demurrer was rightly sustained, we cite *Haskell County Bank v. Bank of Santa Fe*, *supra; A. T. & S. F. Rld. Co. v. Comm'rs of Sumner Co.*, *supra; Gardner v. Ogden*, 22 N. Y. 327, 78 Am. Dec. 192 ; *Stanton v. Missouri Pac. Ry. Co.*, 2 N. Y. Supp. 298 ; *Hess v. Buffalo & Niagara Falls R. R. Co.*, 29 Barb. 391 ; *Nichols v. Drew*, 94 N. Y. 22 ; *Compton v. Hughes*, 38 Hun, 377 ; *Bennett v. Merritt*, 6 Jones Eq. (59 N. C.) 263 ; *N. C. Land Co. v. Beatty and another*, 69 N. C. 329 ; *Jasper v. Hazen*, 2 N. Dak. 40, 51 N. W. 583 ; *Holton v. Wallace*, 66 Fed. (C. C.) 409 ; *Security Savings & Loan Ass'n v. Buchanan*, 66 id. 799, 14 C. C. A. 97 ; *Mayo v. Madden*, 4 Cal. 27 ; *Lathrop v. Bampton*, 31 id. 17, 89 Am. Dec. 141; Bliss, Code Plead. §§ 123, 412 ; Pom. Code Rem. § 479 ; Bry. Code Plead. §§ 167, 168.

It is said that the purpose of the demurrer for misjoinder is to compel the plaintiff to elect upon which of the two or more causes of action improperly united he will proceed. (1 Kink. Code Plead. § 101.) The code provides that when a demurrer is sustained on the ground of a misjoinder of causes of action the court, upon application, shall allow the plaintiff to file several petitions and proceed without further service. (Civil Code, § 92; Gen. Stat. 1901, § 4526.) In this case no such application was made. We think the demurrer was rightly sustained, and, therefore, the judgment of the district court is affirmed.

All the Justices concurring.

CUNNINGHAM, J., not sitting.