Harrod v. Farrar.

---

T. H. HARROD, *as Trustee, etc.*, v. HARRY P. FARRAR *et al.*

No. 13,374. (74 Pac. 624.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Joinder of Actions.* Except in actions to foreclose mortgages or other liens, several causes of action cannot be united in one petition unless they all arise out of the same transaction or transactions, and are all connected with the same subject of action, and each cause of action affects all the parties.

2. BANKRUPTCY—*Fraudulent Conveyances—Limitation of Action.* An action by a trustee in bankruptcy to set aside conveyances made by the bankrupt with the intention to hinder, delay or defraud his creditors is an action for relief on the ground of fraud, and is barred by the two years' statute of limitations.

Error from Cowley district court; JAMES LAWRENCE, judge. Opinion filed December 12, 1903. Affirmed.

*Hackney & Lafferty,* for plaintiff in error..

*G. H. Buckman,* and *J. Mack Love,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff, as the trustee in bankruptcy of Harry P. Farrar, brought this action to set aside certain conveyances of real estate alleged to have been made by the bankrupt with the intent to defraud his creditors. The defendants demurred to the petition because it did not state any cause of action and because several causes of action were improperly joined. The demurrer was sustained. The plaintiff electing to stand on his petition, judgment was rendered against him, to reverse which he prosecutes this proceeding.

While they are not separately stated and numbered, the petition contains ten causes of action. In each, facts are alleged charging the insolvent with having transferred the real estate therein described with the intent to hinder, delay and defraud his creditors. None of these transfers is alleged to have been made to all of the defendants; each transfer was made to some one or more of the defendants at different times; none of the defendants in any one of such transactions had any interest in any of the others.

Section 83 of the code (Gen. Stat. 1901, § 4517), provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or

both, where they all arise out of either one of the following classes :

"First, the same transaction, or transactions, connected with the same subject of action. . . .

"But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, except in actions to enforce mortgages or other liens."

The several conveyances set out in the petition did not constitute one or the same transaction. Each conveyance was a separate, distinct and independent transaction from every other conveyance, made at different times during a period of more than ten years; no two of them are connected with the same subject of the action. The subject of the action in each is the particular tract or tracts of land described in that cause of action; and the subject described in each of the several causes differs from the subject of action in every other cause. Such causes of action cannot be joined. Under this provision of the code, causes of action which may be joined must all arise out of the same transaction or transactions, be connected with the same subject of action, and affect all of the parties to the action, except in actions to foreclose mortgages or other liens. (*Rizer v. Comm'rs of Davis Co.*, 48 Kan. 389, 29 Pac. 595; *Hurd v. Simpson*, 47 id. 372, 27 Pac. 961; *L. N. & S. Rly. Co. v. Wilkins*, 45 id. 674, 26 Pac. 16.)

Each defendant must in some way be affected by the judgment rendered on each cause of action. From the petition it appears that none of the defendants, with the exception of Farrar, could in any way be affected by the judgment upon any cause of action except the person or persons who held the title to the particular tract of land described in that cause. If A. should make a fraudulent conveyance of a particular tract of

real estate to B., and at some future time A. should fraudulently convey other real estate to C., the creditor of A. might maintain separate actions against both B. and C. to set aside such conveyance, but he could not join both in one action, because his two different causes of action do not arise out of the same transaction or transactions and are not connected with the same subject of action, and the causes thus united do not affect all of the parties to the action. Neither would have any interest in, or be in any way affected by, the judgment against the other. (*A. T. & S. F. Rld. Co. v. Comm'rs of Sumner Co.*, 51 Kan. 617, 33 Pac. 312; *Haskell County Bank v. Bank of Santa Fe*, 51 id. 39, 32 Pac. 624; *Insley v. Shire*, 54 id. 793, 39 Pac. 713, 45 Am. St. Rep. 308.)

The trustee in bankruptcy represents all the creditors of the bankrupt and may maintain actions to set aside any fraudulent conveyance made by the bankrupt, but he has no greater right than the creditors would have. He must bring his separate action for such purpose against each separate fraudulent grantee. It follows, therefore, that the judgment of the court sustaining the demurrer upon this ground must be sustained.

As to the second ground of the demurrer, that the petition did not state a cause of action in favor of plaintiff and against any of the defendants, we think the demurrer was properly sustained. All of the transactions set up in the petition as fraudulent took place more than five years, and some ten, before the proceeding in bankruptcy. This was an action for relief on the ground of fraud and our statute (Gen. Stat. 1901, § 4446, subd. 3) provides that such actions must be brought within two years. There are no allegations in the petition which take any of the causes out of the two years' statute of limitation.

Holitza v. Kansas City.

It was said in *In re Donavant*, 96 Fed. (D. C.) 542:

"Where, in proceedings in bankruptcy, creditors impeach a deed of land made to a son of the bankrupt, alleging that it was procured by the bankrupt as a means of defrauding his creditors, but an action to set aside such deed would have been barred by the statute of limitations in the courts of the state, before the adjudication in bankruptcy, the bankrupt may plead the statute in bar of the petition of such creditors."

On page 549 it was said: "If the bill alleged no matters to avoid the bar apparent on its face, it would be considered as stating no cause of action."

The judgment of the court below is therefore affirmed.

All the Justices concurring.