WILLIAM E. GRIFFITH *et al.* v. JACOB E. GRIFFITH *et al.*

No. 14,152. (81 Pac. 178.)

SYLLABUS BY THE COURT.

1. REAL ESTATE—*Proceeding to Set Aside Deeds—Misjoinder.* Where a grantor executes two separate deeds about the same time, one of which purports to convey a tract of land to one person and the other purports to convey another tract to a different person, and afterward the heirs of the grantor file a petition and institute a proceeding against both grantees to set aside the deeds, recover the land, and partition it among the heirs, there is an improper joinder of causes of action.

2. —————— *Interests Not United.* The fact that there was a common grantor does not unify the interests conveyed, nor make the setting aside of the deeds or the recovery of the land a single cause of action.

3. PRACTICE, DISTRICT COURT—*Joinder of Actions.* Under section 83 of the code (Gen. Stat. 1901, sec. 4517) causes of action, to be united in a single proceeding, must not only belong to one of the specified classes but must affect all the parties sued, except in suits to enforce mortgages and other liens.

Error from Decatur district court; ABEL C. T. GEIGER, judge. Opinion filed June 10, 1905. Reversed.

*L. H. Thompson,* and *J. S. West,* for plaintiffs in error.

*Wilson & Langmade, G. Webb Bertram,* and *Waggener, Doster & Orr,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: In July, 1901, Charles G. Griffith executed a deed purporting to convey a tract of land to his son William E. Griffith, and at the same time he made another deed purporting to convey another tract to his grandson Charles W. Griffith. In September, 1902, he died intestate, and Jacob E. Griffith and the other heirs, except William E. Griffith, challenged the validity of the conveyances and claimed an interest in the land that had been conveyed to William E. Griffith and Charles W. Griffith. They brought this suit against the grantees, alleging the relationship of the parties to the deceased Griffith; that he died seized of the two tracts that have been mentioned; that William E. Griffith claimed one tract, and Charles W. Griffith the other, by deeds which were procured through fraud by William E. Griffith, and which were never delivered; but they did not state in what the fraud consisted. There was a further averment that Charles W. Griffith was a minor under the age of eight years, and was therefore incapacitated to receive the title to the land, but there was no charge of fraud made against him. It was also alleged that the deeds were not voluntarily executed, and were not made when the grantor had capacity to realize what he was doing. The plaintiffs, therefore, asked that the deeds be set aside, and to have a recovery of the property; and, further, that it be partitioned among them according to their respective interests.

Among other attacks made upon the petition was one for misjoinder of causes of action, but it was unsuccessful. The demurrer should have been sustained. The deeds for which cancelation was asked, although

made about the same time, and by the same grantor, were distinctly separate, and conveyed different parcels of land to the defendants. Each of the defendants claimed an individual interest in a distinct tract under a deed in due form and of record, in which the other defendant was not mentioned. If the deeds were valid William E. Griffith holds a complete title to 200 acres of the land in controversy, and Charles W. Griffith has no interest in such tract; and, on the other hand, Charles W. Griffith holds the title to 320 acres of the land, to which William E. Griffith is a stranger.

The fact that there was a common grantor does not unify the interests conveyed, nor make the setting aside of the deeds and the recovery of the land a single cause of action. Nor does the fact that the causes of action or the remedies sought, as against the different defendants, belong to the same general class justify a joinder. The code provides that causes of action, to be united, must not only belong to one of the classes specified but "must affect all the parties to the action, except in actions to enforce mortgages or other liens." (Civil Code, § 83.) Each holder of a separate deed, asserting an individual right, is not a necessary party in a proceeding to cancel a deed to, or contest a recovery of, land claimed alone by the other. Since one is not affected by the cause of action contesting the deed and title of the other, the petition, if it states a cause of action at all, states one against each defendant, and as the several causes of action do not affect both defendants there was necessarily a misjoinder of causes of action. (*Hoye v. Raymond,* 25 Kan. 665; *Lindh v. Crowley,* 26 id. 47; *Jeffers v. Forbes,* 28 id. 174; *L. N. & S. Rly. Co. v. Wilkins,* 45 id. 674, 26 Pac. 16; *Hurd v. Simpson,* 47 id. 372, 27 Pac. 961; *Rizer v. Comm'rs of Davis Co.,* 48 id. 389, 29 Pac. 595; *Haskell County Bank v. Bank of Santa Fe,* 51 id. 39, 32 Pac. 634; *A. T. & S. F. Rld. Co. v. Comm'rs of Sumner*

*Co.,* 51 id. 617, 33 Pac. 312; *New v. Smith,* 68 id. 807, 74 Pac. 610; *Benson v. Battey,* 70 id. 288, 78 Pac. 844.)

Testimony of some of the plaintiffs of transactions had with their deceased father was received over the objections of the defendants. This was in direct violation of section 322 of the code, and, although it is claimed that the testimony was immaterial, it is not easy to say that it was without prejudice.

There are other errors assigned, but these are no longer important, as the cause cannot be tried on the pleadings in the case. The judgment is reversed, and the cause remanded for further proceedings.

All the Justices concurring.