No. 34,104

CAROLINE PLEIFKE (Revived in the Name of EDWARD T. RILING, as Executor), *Appellant,* v. JOHN CLINE and IDA CLINE, His Wife, and MRS. PAULINE SCHWARZENHOLZ, *Appellees.*

(85 P. 2d 996)

Opinion filed January 7, 1939.

*John J. Riling* and *Edward T. Riling,* both of Lawrence, for the appellant.

*Frank L. Bates,* of Kansas City, for appellee Mrs. Pauline Schwarzenholz.

The opinion of the court was delivered by

HUTCHISON, J.: This action was against the appellee herein and two other defendants. The claim against her was for the return to plaintiff of certain securities worth $1,500, or if they could not be returned, to obtain a judgment against her for $1,500. The action against the other two defendants, who were husband and wife, was to cancel, set aside and hold for naught a certain deed made to them by the plaintiff for forty acres of land in Douglas county and to recover judgment against them for rent thereon for nearly two years.

The plaintiff was an elderly woman living on the forty-acre tract on September 12, 1935, when, it is alleged in her petition, she executed and delivered a deed to the two defendants, who were husband and wife, without any consideration whatever; and it is also alleged

that on the same day she delivered to the other defendant, Mrs. Schwarzenholz, of Wyandotte county, Kansas, securities of the value of not less than $3,500 without any consideration whatsoever, $2,000 of which has since been returned to the plaintiff.

This action was commenced in the district court of Douglas county on August 3, 1937, and personal service was regularly had on defendants, Cline and wife, in that county, and on the 4th day of August, 1937, summons was served on Mrs. Schwarzenholz in Wyandotte county. The defendant, Mrs. Schwarzenholz, promptly moved to quash the service upon her because it was not served upon her in Douglas county, that it was improperly issued, was invalid, illegal and void, that the action against her was improperly instituted in Douglas county and that the district court of that county had no jurisdiction over her, her attorney appearing for her specially and for the purpose of the motion only. On October 9, 1937, and prior to the hearing of this motion to quash the service, the plaintiff died, and the action was revived in the name of her executor. The motion was heard and sustained on May 2, 1938, and after the overruling of a motion for a reconsideration of the ruling the plaintiff appealed from both rulings.

The appellant contends that a careful analysis of the allegations of the petition will clearly show that the three defendants, on September 12, 1935, jointly obtained the property in question from the plaintiff by their concurrent wrongdoing, and divided it among themselves as they saw fit; that they procured it without consideration, through fraud, undue influence and deceit, and converted it to themselves by mutual agreement among themselves. The appellant insists that the petition states a cause of action against all three of the defendants, that the matter was planned and carried out by them in Douglas county, and that in acquiring the property from the plaintiff they were joint tort-feasors.

The petition alleged that the plaintiff owned the forty-acre tract in Douglas county, on which she had resided for nearly or about fifty years, that it was clear of encumbrance, that she had $3,500 of securities in her possession, worth at least $3,500, and had a deposit of $600 in the bank on September 12, 1935, when these three uninvited defendants called at her home and remained there nearly all day—

". . . inquiring of plaintiff concerning her property, its location, value and kind, and ever and always manifesting and parading before plaintiff their brotherly and sisterly love, interest, attention and honesty, and through their

sinister, mutual and cunning undue influence, deceit, false and fraudulent representations which plaintiff relied on and believed and at the end of that day's heavy toil, both mental and physical, finally obtained from said plaintiff a deed to the defendants, John Cline and Ida Cline, his wife, covering the real estate hereinbefore mentioned and described, and also obtained from said plaintiff at her home, valuable securities belonging to her, which said defendant, Mrs. Schwarzenholz, took willingly and sweetly and without the slightest embarrassment to any of said defendants and with the hearty and absolute approval of the other two defendants, and same was of the value of not less than thirty-five hundred dollars ($3,500).

"That the deed to said farm and the control and possession of said securities on the part of said defendants was obtained from plaintiff without consideration of any kind or character, and through the joint efforts and nefarious scheming and low cunning of said defendants. And said defendants well knew that said plaintiff did not intend to convey the legal title to said real estate or pass the title to said personal property on said date or at any other time to said defendants, or either of them."

It was further alleged that the defendant, Mrs. Schwarzenholz, took the securities to her home and kept them in her possession until July, 1937, when she returned all but $1,500 of them, which she refused to return, and the Clines, upon demand, refused to return the legal title to the forty-acre tract. It was also alleged that the defendants, on the same day, divided among themselves the furniture in the plaintiff's home and persuaded the plaintiff to go to Kansas City, Kan., and live with Mrs. Schwarzenholz, which she did, remaining there until the spring of 1937, when most of the $600 plaintiff had in the bank had reached the pocket of Mrs. Schwarzenholz, and the plaintiff was told by Mrs. Schwarzenholz to go and not to return, and it was alleged these matters were known to all the defendants. It was further alleged that the Clines received in rent for the farm $125 for the first year and $150 for the second year, making a total of $275. The prayer of the petition is as follows:

"Plaintiff therefore prays that the said deed hereinbefore made on the 12th day of September, 1935, and which said defendants obtained from the plaintiff, be canceled, set aside and held for naught. That said defendant, Mrs. Schwarzenholz, be ordered to return to plaintiff the said securities of the value of not less than fifteen hundred dollars ($1,500), and in the event that said securities cannot be returned and then that plaintiff have judgment against the said defendant, Mrs. Schwarzenholz, in the sum of fifteen hundred dollars ($1,500), and that plaintiff have and recover a judgment against said defendants, Mr. John Cline and Ida Cline, his wife, in the sum of two hundred seventy-five dollars, plus interest, same being for rent of plaintiff's home as sued for in this action for costs and for such other and further relief as to the court may seem fit, just and equitable."

The prayer limits the claim of the plaintiff against Mrs. Schwarzenholz to the return of the $1,500 of securities, or a judgment for their value, and it specifically limits the claim for rent to the Clines. The petition alleged the Clines received the title to the land in question. The prayer made no specific demand for the return of any of the furniture.

The appellant cites in support of her contention that the defendants were joint tort-feasors and accomplished their purpose by the concurrent wrongdoing of all three defendants, the cases of *Westbrook v. Mize*, 35 Kan. 299, 10 Pac. 881, *Kansas City v. Slangstrom*, 53 Kan. 431, 36 Pac. 706, and *Farmers Grain Co. v. Atchison, T. & S. F. Rly. Co.*, 120 Kan. 21, 245 Pac. 734. In the first of these cases it was held:

"Where several persons jointly commit an injury, the liability is joint and several, and the party injured may sue all of them in a single action, or he may sue them separately at the same time. . ." (Syl. ¶ 1.)

It was further held in that case that—

"Although several separate suits may be brought for a joint liability, yet where the injury is an entirety, the damages resulting therefrom cannot be apportioned among the wrongdoers nor divided into separate demands. . ." (Syl. ¶ 2.)

It was an action against two parties for the tortious taking of sixty tons of hay, and there had been an earlier attachment proceeding against one of the defendants for the taking of nine of the sixty tons, and this action was for the recovery of damages and not for the recovery of the hay.

In the second case above cited the following was the holding of the court:

"Where two or more parties, by their concurrent wrongdoing, cause injury to a third person, they are jointly and severally liable, and the injured party may at his option institute an action and recover against one or all of those contributing to the injury." (Syl. ¶ 2.)

This was an action where a city and a corporation were made defendants in a suit for recovery of damages for injuries to plaintiff's property resulting from the overflow of a creek, which overflow was caused by the wrongful building by the city of an embankment across the creek below the plaintiff's property which obstructed the flow of the water therein, and the corporation, with the knowledge and approval of the city, wrongfully extended a sewer of the city through the property of the plaintiff across the watercourse without making

sufficient passageway for the water through the channel of the stream—two separate acts done by different parties at different times and places. During the trial the cause against the corporation was dismissed and a judgment was procured against the city. Both of the above actions were for damages and not for the recovery of specific and different property, and all the defendants in each case were served in the same county.

The third case above cited was also one for damages against all of the defendants, one in the county where the action was commenced and two in a different county, and upon the trial the local defendant was absolved from any liability, and it was there held:

"All of the wrongdoers being jointly and severally liable, the bringing of an action against all in a certain county where one of them was served with process, entitled the plaintiff to procure the service of summons on the other defendants residing in another county, where the action was brought in good faith against all and the plaintiff was acting in the honest belief that he had a cause of action against all of the defendants, and the subsequent failure to recover against the resident defendant, does not defeat jurisdiction over nonresident defendants or a recovery against them." (Syl. ¶ 2.)

The distinction between all these cases and the case at bar is that they were actions for damages against all of the defendants. The case at bar is not for damages for a wrong done but for the recovery of specific property from different defendants. Counsel for appellee concedes that there are sufficient allegations in the petition to support an action for damages against all the defendants if desired by plaintiff, but there is no attempt to recover damages from any one, and there is no attempt to recover the $1,500 securities or the value thereof from the Clines, and therefore, if nothing of any kind. is claimed from the Clines concerning these securities, the action as to the securities was not properly commenced in Douglas county.

G. S. 1935, 60-601, is as follows:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

Under this section of the statutes it was held in *Griffith v. Griffith*, 71 Kan. 547, 81 Pac. 178, that causes of action to be united in a single proceeding must affect all the parties sued, except in actions to enforce mortgages and other liens.

In *Marshall v. Land Co.*, 75 Kan. 445, 89 Pac. 905, it was held:

"To justify the issuance of a summons to a foreign county and the service of the same upon a defendant residing or found there the action must be rightly brought and the persons sued must be rightly joined as defendants." (Syl. ¶ 3.)

In *Dunn v. Mortgage Co.*, 113 Kan. 169, 213 Pac. 655, all the parties to the action were not interested alike in the two causes of action pleaded, and it was said that the averments of conspiracy to defraud did not unify nor enlarge the causes of action and each cause of action must affect all the parties to the action. This view is confirmed in the later case of *Kihn v. Citizens State Bank*, 122 Kan. 479, 252 Pac. 232, where the plaintiff sought to cancel a contract of sale of land, and one of the defendants was served in a different county from that where the action was commenced and the land located, and it was held:

". . . the vendor's motion to quash service of summons upon it was properly sustained, and demurrers of the other defendants to the petition on the ground facts sufficient to constitute a cause of action were not stated and several causes of action were improperly joined, were properly sustained." (Syl.)

Under the allegations and prayer of the petition in the case at bar no judgment of any kind could be rendered against either of the Clines as to the securities still alleged to have been held by the appellee, and the defendants in the case were not all affected by this cause of action. The appellee was not a necessary party to the action to cancel and set aside the deed to the Clines. It was not alleged she had any interest in or to it or the land it conveyed, and even if she assisted in the wrongful procuring of the deed and consented to its being given to the Clines, that would not in any way make her a necessary party in an action to cancel the deed. (See, also, *Harrod v. Farrar*, 68 Kan. 153, 74 Pac. 624.)

We think the motion to quash the service as to the defendant, Mrs. Schwarzenholz, was properly sustained.

The judgment is affirmed.