MATTHEW H. TAGGART, Insurance Commissioner of the Commonwealth of Pennsylvania, as such, Liquidator of Keystone Indemnity Exchange, Dissolved, v. GEORGE B. BOOKER AND COMPANY, a corporation of the State of Delaware, GEORGE B. BOOKER and HARVEY BOOKER.

(*October* 26, 1942.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*Logan and Duffy* (H. Newton White, Jr., and Paul J. Donnelly (of Philadelphia, Pa.) on the brief) for the plaintiff.

*James R. Morford* (of Marvel and Morford) for the defendants.

Superior Court for New Castle County, May Term, 1942.

LAYTON, Chief Justice:

The plaintiff declared in debt to recover the aggregate of assessments levied against the defendants as subscribers to or members of Keystone Indemnity Exchange, a reciprocal or inter-insurance exchange, organized under the laws of the State of Pennsylvania, and now dissolved.

The declaration alleged that Keystone Indemnity Exchange was a reciprocal insurance exchange consisting of individuals, partnerships and corporations of the commonwealth of Pennsylvania, and of other states and countries associated together as subscribers, and authorized to exchange reciprocal or inter-insurance contracts with each other, providing indemnity among themselves from any insurance loss, excepting life insurance, under the laws of Pennsylvania, as provided by Sec. 1001 of the Act of May 17, 1921, P. L. 682, Article X, 40 P. S., § 961, as follows: "Individuals, partnerships, and corporations of this Commonwealth, hereby designated subscribers, are hereby authorized to exchange reciprocal or inter-insurance contracts with each other, or with individuals, partnerships, and corporations of other States and countries, providing indemnity among themselves from any loss which may be insured against under any provision of the insurance laws excepting life insurance."

That on May 18, 1933, Keystone Indemnity Exchange, through its attorney in fact, Keystone Indemnity Company, a corporation of the same state, admitted the suggestion of insolvency filed by the Attorney General of Pennsylvania in the Court of Common Pleas of Dauphin County, on that day, and thereupon the court appointed the plaintiff, Insurance Commissioner of Pennsylvania, liquidator of the Ex-

change, who, by virtue of the laws of Pennsylvania, became vested with title to all of the property, contracts and rights of action of the Exchange, dissolved under the Act (P. L. 789, Article V, Section 506, 40 P. S., § 206).

That the Court of Common Pleas, a court of competent jurisdiction having the subject matter and the parties before it during the course of the liquidation proceedings, and after full hearing and after due notice by registered mail to the defendants, entered an order directing the subscribers of the Exchange holding policy contracts exchanged among them and issued from April 9, 1929 to May 18, 1933, to pay an amount equal to one annual deposit premium on each policy issued to them, provided by the law of Pennsylvania for the purpose of paying losses of the Exchange unpaid at the date of dissolution, and other legal obligations and expenses of administration, as set forth in the reports of the liquidator, including the computing of the pro-rata liability of each subscriber.

That the order and decree was affirmed by the Supreme Court of Pennsylvania, on June 19, 1939 (see *Com. ex rel. Schnader v. Keystone Indemnity Exchange,* 335 *Pa.* 333, 6 A. 2d 821) and, on reargument, was again affirmed on March 25, 1940 (see 338 *Pa.* 405, 11 A. 2d 887).

That the assessment order and decree was entered by the Court of Common Pleas under the authority of Section 1 of the Act of April 9, 1929, P. L. 464, 40 P. S., § 964, amending the Act of May 17, 1921, P. L. 682, Article X, Section 1004, which provides: "Such subscribers, so contracting among themselves, shall, through their attorney, file with the Insurance Commissioner of this Commonwealth a declaration, verified by the oath of such attorney, setting forth * * * (d) A copy of the form of power of attorney, or other authority of such attorney, under which such insurance is to be effected or exchanged, and which shall provide that the liability of the subscribers, exchanging contracts of indem-

nity, shall make provision for contingent liability, equal to not less than one additional annual premium or deposit charged."

That the subscribers to the Exchange severally, but not jointly, each represented by his attorney in fact, Keystone Indemnity Company, executed and delivered to the defendants (within April 9, 1929, and May 18, 1933) four contracts of insurance whereby and wherein the subscribers agreed to indemnify the defendants for certain losses in consideration of the defendants' promise to pay premiums aggregating $2,320.81; and by accepting the contracts of insurance, the defendants became subscribers to the Exchange, within the meaning of and during the time specified in the assessment order and decree of the court.

In conclusion, the declaration charged that by reason of the allegations and by the authority of the statute of Pennsylvania and the proceedings before the Court of Common Pleas of that state, a cause of action accrued to the plaintiff to demand and have of the defendants the sum of $2,320.81, with interest from August 15, 1940.

One of the defendants' contentions must first be answered. It is pointed out that one of the defendants is a Delaware corporation, and that it is not alleged that the individual defendants were residents of Pennsylvania at the time of the delivery of the policies of insurance to them, or of the rendition of the assessment decree. They contend that they did not insure the statutory liability sought to be recovered, for the reason that under the Act only "Individuals, partnerships, and corporations of this Commonwealth," that is, Pennsylvania, are designated as subscribers, and hence made subject to the statutory liability. We cannot so construe the statute. The primary rule of construction is that the legislative intent must control, if it can be ascertained from the language employed; and, once ascertained, the intent must prevail even though in conflict with

the strict letter of the statute. And from this it follows that the court will give to the words of the statute a plain and sensible meaning, having in mind its intent and purpose, and will avoid a construction entailing unjust, absurd, and mischievous consequences flowing from a literal interpretation. *Darling Apartment Co. v. Springer*, Del. Sup., 22 A. 2d, 397, 137 A. L. R. 803; *Nigro vs. Flinn*, 8 *W. W. Harr.* (38 *Del.*) 368, 192 A. 685; *Petition of Hoopes*, 1 *Terry* (40 *Del.*) 126, 5 A. 2d 655. The Act authorizes "subscribers" to exchange insurance contracts with individuals, partnerships and corporations of other states. A reciprocal, mutual or interchanging obligation was intended for that is the distinguishing feature of the scheme of inter-insurance. Benefit without corresponding burden could never have been the intent and purpose of the legislature; and by the most necessary implication, residents of other states accepting policies of insurance under the plan are "subscribers" within the meaning of the Act.

■ The defendants submit that the plaintiff may not in the same declaration, consisting of one count, declare upon a contractual liability, a statutory liability, and the liability imposed by a decree. As a mere question of pleading, this objection may be shortly disposed of. The demurrer is general. On demurrer, the court is not allowed to consider any defects, not specially alleged, if, upon the whole matter appearing, judgment can be given according to the merits of the case. *Rev. Code* 1935, § 4878, *Sec. 1.* The source of the liability is found in the statute, which formed a part of the contracts of insurance, but the nature of the liability is essentially contractual. *Love et al. v. Pusey & Jones Co.*, 3 Pa. 577, 52 A. 542; *Taggart v. Wachter, Hoskins & Russell, Inc.*, 179 Md. 608, 21 A. 2d 141. Debt will lie upon a contract, express or implied, to recover a sum certain, or reducible by calculation to certainty, arising out of a direct and immediate liability. *Love et al. v. Pusey & Jones Co., supra.*

In the same connection the defendants insist that the declaration must necessarily be construed as stating a cause of action in debt upon a foreign judgment or decree, namely the decree of the Court of Common Pleas of Dauphin County; and, as it appears that the decree or order for assessment was entered only on notice to the defendants by registered mail, and as it is not alleged that they appeared in the proceedings in Dauphin County, want of jurisdiction in the Court of Common Pleas is evident.

The judgment, decree or order was not one in personam. No execution could have been issued on it. It merely established the necessity for the assessment and fixed the rate within the limits of the statutory liability. However difficult it may be to classify in law reciprocal insurance as a business enterprise, it is, of course, an inescapable fact that the subscribers to an insurance exchange effect an organization for the accomplishment of their purpose. They act through a common attorney in fact in the underwriting of each other's risks under an agreement that each underwriter acts separately and severally, and not jointly with any other. *Brennen, Inter-Insurance*, etc., quoted in *Long v. Sakleson et al.*, 328 Pa. 261, 195 A. 416. In this plan of insurance all policyholders are insureds as well as insurers. While an exchange is not a corporation, the position of the subscribers, so far as concerns the question here, is analogous to that of stockholders of a corporation. It is well settled that an order for an assessment upon the shares of stock of a corporation under statutory provisions imposing liability made by a court of competent jurisdiction is conclusive as to all matters relating to the amount and propriety thereof, and the necessity therefor, although the stockholders may not have been a party to the suit in which the assessment was made or notified that an assessment was contemplated; that such order is not in the nature of a personal judgment against the stockholder, who must be deemed by virtue of his relation to the corporation

and the obligation assumed in respect to its debts, to be represented by it in the proceeding; and that the stockholder against whom an order of assessment is sought to be enforced is not precluded from showing that he is not a stockholder, or is the holder of a smaller number of shares than as alleged, or that he is entitled to a setoff against the assessment, or any other defense personal to himself. See *Chandler v. Peketz,* 297 U. S. 609, 56 S. Ct. 602, 80 L. Ed. 881.

In *Broderick v. Rosner,* 294 U. S. 629, 55 S. Ct. 589, 79 L. Ed. 1100, 100 A. L. R. 1133, the assessment was levied by the superintendent of banks of the State of New York. There it was reaffirmed that the nature of the cause of action brought it within the scope of the full faith and credit clause of the Federal Constitution, because the statute imposing liability was a public act within the meaning of the clause.

The defendants, conceding the force of these decisions, reply that they are not controlling here. It is said that the defendants were not represented by the Exchange because it did not have the legal qualifications to represent any one; and not by the attorney in fact, for it is not alleged that the subscribers, through their attorney in fact, filed with the insurance commissioner, the declaration setting forth the power and authority of the attorney and making the provision for the contingent liability demanded by the Act (Act of April 9, 1929, P. L. 464, 40 P. S. 964, amending act of May 17, 1921, P. L. 682, Art. X, Section 1004, supra). They reduce their argument to this: that the liability of a subscriber to a reciprocal insurance exchange arises not by virtue of the statute, but by virtue of a declaration making provision for the contingent liability sought to be recovered.

The fallacy of this argument is, we think, readily perceivable. The subscribers to a reciprocal insurance exchange, whatever status they may have in law as a combination of persons, formed an organization supposed to be of benefit to themselves, and became subject to the

regulatory power of the state in which their organization was effected. The system or scheme of inter-insurance demands a common attorney in fact. The declaration alleged that the subscribers to the Exchange, each represented by his attorney in fact, Keystone Indemnity Company, executed and delivered to the defendants the contracts of insurance out of which the defendant's liability arises. It is further alleged that the Exchange, through its attorney in fact, admitted its insolvency by admitting the allegation of insolvency embodied in the suggestion of the Attorney General of Pennsylvania filed in the Court of Common Pleas of Dauphin County. The statute requiring the filing of the declaration is pleaded. The statutory requirement formed a part of the contracts of insurance. See *Trader v. Jester*, 1 *Terry* (40 *Del.*) 66, 1 A. 2d 609. It is alleged that the defendants accepted the policies. The Supreme Court of Pennsylvania (*Com. ex rel. Schnader v. Keystone Indemnity Exchange*, 335 *Pa.* 333, 6 A. 2d 821) has held in this very matter that the subscribers were bound to pay the assessment levied even though the policies of insurance delivered to them were expressly made non-assessable. This decision is a sufficient answer to the contention that the liability arises by virtue of a declaration making provision for a contingent liability; for, as it seems to us, if an express provision in a policy of insurance delivered to a subscriber to an insurance exchange by the common attorney in fact declaring the policy to be non-assessable cannot prevail against the statutory requirement, certainly the subscribers may not escape liability because they, or their selected agent, have wilfully failed, or by oversight have neglected, to file the declaration making provision for the contingent liability demanded by the statute. Having admitted this much, the defendants will not be heard to say that they had no common attorney in fact, or that Keystone Indemnity Company was not their representative before the Court of Common Pleas. It was not necessary to allege that the declaration making provision for con-

tingent liability was filed with the Insurance Commissioner. And, in view of the pleaded statutes and the allegations of the declaration with respect to the delivery and acceptance of the insurance policies, the averment that by acceptance the defendants became subscribers to the Exchange is a statement of ultimate fact and not a mere legal conclusion.

We are of opinion that the declaration states a good cause of action, and the demurrer is overruled.