STATE ex rel. GAINES et al. v. BEAVER, Dist. Judge.

No. 32188. Nov. 20, 1945.

Rehearing Denied March 12, 1946.

*166 P. 2d 776.*

Thompson & Roberts, of Joplin, Mo., and Miller, Lytle & Wildman, of Sapulpa, for petitioners.

Tom Wallace and Glenn O. Young, both of Sapulpa, for respondent.

HURST, V.C.J. This is an original proceeding in this court prosecuted by Josie Gaines, Walter Gaines, W. H. Gaines, Earl E. Gaines, Frank L. Gaines, Ralph E. Gaines, and Mamie Gaines Powell, herein referred to as petitioners, to prohibit the respondent, Hon. C. O. Beaver, as judge of the district court of Creek county, from proceeding further in cause No. 25562, pending in said county, wherein Glenn O. Young is plaintiff and the petitioners herein and the sheriff of Creek county are defendants. The material facts are as follows:

Frank Gaines claimed to be the owner of a 780/1600th interest in a judgment in the federal court in Missouri for the sum of $16,166.66 in favor of the partnerships of Gaines Brothers, consisting of himself and petitioners as partners, and that petitioners collected his part of said judgment but had failed to account to him therefor. Petitioners claimed that they have a good defense to said claim, and that in another suit in Ottawa county they recovered a judgment against Frank Gaines for the sum of $23,735.19, with interest and costs, and there was due and unpaid thereon the balance of $13,365.92 and accruing costs. In other words, Frank Gaines had an alleged claim against petitioners for $7,881.25, and petitioners had an alleged judgment in Ottawa county against Frank Gaines for $13,365.92. While matters stood in the above situation, and on March 25, 1944, Frank Gaines made an assignment of his claim to Glenn O. Young. Thereafter, on February 15, 1945, petitioners caused an execution to be issued on said judgment out of the district court of Ottawa county against Frank Gaines and directed the same to the sheriff of Creek county, who thereupon levied upon his said claim against petitioners, and advertised the same for sale. Just prior to the time set for the sale, Glenn O. Young filed cause No. 25562 in the district court of Creek county, alleging that he was the owner of said claim of Frank Gaines by reason of said assignment, also alleging that petitioners and each of them asserted some right or title to said claim, and that such assertions created a cloud upon his title thereto, and asking for an injunction against the sheriff selling said claim so levied upon and that his title to said claim be quieted as against petitioners. A temporary injunction was issued. Petitioners filed a special appearance and objection to the jurisdiction of the court because the venue was not in Creek county, which was overruled. Thereupon petitioners secured an order of the district court of Ottawa county recalling said execution, and then filed an answer in the nature of a plea in abatement, still objecting to the jurisdiction of the district court of Creek county on the ground that the venue of the action was not in Creek county, and setting out the fact that the execution had been recalled, and claiming that the issues presented by the petition had become moot, and that said court had no further jurisdiction except to dismiss the case. This plea in abatement is still pending. While so pending, Young filed a motion for judgment on the pleadings, praying that his title to the claim be quieted and the validity thereof determined against petitioners.

At this stage of the proceedings, the present action was filed in this court. The petition is duly verified and there is attached to it as exhibits copies of the pleadings, pleas, motions, and orders filed in cause No. 25562, above mentioned, and of the application filed in Ottawa county to withdraw the execution and the order sustaining the same. The petition contains the allegation that all the petitioners, except Mamie Gaines Powell, are residents of Ottawa county and that she is a resident of Dallas

county, Tex. It does not appear whether summons in cause No. 25562 was served upon any of the petitioners, but it is alleged that on the day the temporary injunction was set for hearing the petitioners entered their special appearance and objection to the jurisdiction of the court. We assume from these facts and from what is said in the briefs that no summons in said cause was ever served on any of the petitioners. Respondent does not assert that any of the petitioners reside, or were served, in Creek county.

Respondent contends that there are four reasons why the venue of said cause is properly in Creek county, and that, furthermore, the petitioners have entered their general appearance in said cause and hence have thereby waived the right to assert that the venue is not in Creek county.

1. Respondent first contends that the action is one against the sheriff for an act done by virtue or under color of his office, and that under 12 O. S. 1941 § 133, the venue is in Creek county.

The action primarily is one to quiet title to intangible personal property, consisting of an alleged claim against the defendants, as partners, and which claim was assigned by Frank Gaines to Young. In so far as the sheriff is concerned, the action is merely an ancillary proceeding or a provisional remedy to hold the matter in status quo until the court can determine the rights of the parties. The action is not against the sheriff or his bondsmen based upon any obligation which the sheriff owes Young, or upon any wrong alleged to have been committed by him, or upon any failure of his to perform a duty. The sheriff was merely acting as an arm of the district court of Ottawa county. There is no contention that the sheriff is jointly liable with the other defendants.

We accordingly hold that the making of the sheriff of Creek county a party defendant and serving summons upon him was not sufficient to establish the venue of the quiet title action in Creek county, in so far as the nonresident defendants are concerned. It may be further added that the case is now moot in so far as the sheriff is concerned, by reason of the execution having been withdrawn by the district court of Ottawa county.

2. The respondent contends that Frank Gaines is admittedly a resident of Creek county, and that since he has been made a defendant, that fact establishes the venue of the case in Creek county. But, Frank Gaines is not jointly liable with the petitioners on the claim which Young asserts he owns. It is apparent that service on Frank Gaines could not fix the venue in Creek county, in view of 12 O. S. 1941 § 139, which provides as follows:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned; except actions against makers of notes, claims, or other indebtedness which have been assigned, sold or transferred by or from the original payee or obligee, which actions against such original maker of such notes, claims or indebtedness can only be brought in the county in which the said maker of such note, claim or indebtedness or some one of the original makers of such note, claim or indebtedness resides. . . ."

Frank Gaines was not the "maker" of the claim, but he was the "assignor" thereof. Furthermore, he was not jointly liable with petitioners on the claim. State v. Mortgage Security Corporation, 175 Okla. 503, 53 P. 2d 560.

We therefore hold that making Frank Gaines a party defendant and service of summons upon him was not sufficient to establish the venue of said action in Creek county.

3. The respondent contends that the joinder of Mamie Gaines Powell as a defendant was sufficient to fix the venue in Creek county, for the reason that she is a nonresident of the state, and in support of such proposition he cites 12 O.S. 1941 § 137. That section provides:

"In addition to the other counties in

which an action may be brought against a nonresident of this State, or a foreign corporation, such action may be brought in any county in which there may be property of, or debts *owing to such defendant,* or where such defendant may be found. . . . ." (Italics ours.)

The error in this argument lies in the fact that there is nothing in the record to show that Mamie Gaines Powell has any property in Creek county or debts owing to her in Creek county that have been seized. This case is the converse of what the statute provides. If the sheriff of Creek county has impounded the intangible property in question, it is not the property of Mamie Gaines Powell, neither is it a debt owing to her, but rather a debt owing from her.

4. The respondent contends that the venue is in Creek county because the property in question is in custodia legis. But this contention is not sound because when the intangible personal property was levied upon by the sheriff he was acting as an arm of the district court of Ottawa county, and if the sheriff took said property into his custody, it thereupon went into the custody of the district court of Ottawa county, and this fact would not fix the venue in Creek county. State ex rel. Dillard v. Gassaway, 142 Okla. 140, 285 P. 978; State ex rel. Stauffer v. Halley, 159 Okla. 14, 12 P. 2d 523.

5. Respondent contends that the petitioners entered their general appearance and waived the right to object to the venue being in Creek county (a) by raising nine issues going to the merits of the case, (b) by seeking affirmative relief in asking for and obtaining an extension of time to plead at the time their objection to the jurisdiction was overruled, and (c) by asking in their second pleading—their plea in abatement which is still pending—that the cause be dismissed and that in the event it is overruled they be given a reasonable time to plead further.

a. We find no merit in the contention that by the two pleadings filed by petitioners they raised an issue as to the merits of the case. The respondent cites no authorities in connection with this contention. It would serve no useful purpose, and would unduly lengthen this opinion, to set out the issues which respondent says were raised. It is sufficient to say that the questions so raised pertain solely to the jurisdiction of the court by reason of the venue not being in Creek county.

b. The order overruling the special appearance and objection to the jurisdiction because of improper venue contains this recital:

"Whereupon the said defendants ask for an extension of time to plead to the petition of the plaintiff or file a response thereto. The said defendants and each of them are hereby granted ten (10) days from this date in which to plead or file a response to the petition of the plaintiff filed herein."

The respondent contends that by requesting time to plead or respond the petitioners entered their general appearance. He cites several cases that tend to support his contention. And there are statements in the text books and other cases that would seem to support this view. See 4 C. J. 1339; 3 Am. Jur. 795; 81 A. L. R. 172. But we find no case by this court dealing with this precise question, and the parties have cited none.

There is a fairly even division of authority on the question as to whether a defendant waives the right to question the venue of an action or jurisdiction over his person by answering and contesting the case on its merits after his special appearance and plea to the venue or to the jurisdiction over his person has been overruled. See 3 Am. Jur. 807; 93 A. L. R. 1302. We are committed to the rule that the right is not thereby waived, where no affirmative relief is sought, and the issue may be reviewed on appeal from a judgment on the merits. Commonwealth Cotton Oil Co. v. Hudson, 62 Okla. 23, 161 P. 535.

It would seem that in those states adhering to the rule that a defendant

waives the question by contesting the case on its merits, a defendant should be held to waive the question by asking time to plead to the merits. And many of the cases so holding are from such states.

Our statute, 12 O. S. 1941 § 263, provides that the only pleadings allowed are the petition, demurrer, answer and reply, although motions for orders are recognized. See 12 O. S. 1941 §§ 1110, 1111, 1115. By 12 O. S. 1941 § 283 the time for filing pleadings after the return day of the summons is prescribed, but the time for filing pleadings or motions after a motion is passed upon is not prescribed, nor does the statute fix the time for a defendant to plead or answer after his plea in abatement has been overruled. By 12 O. S. 1941 § 284 the court is given the right to fix the time for filing any motion or pleading where the statute does not fix the time.

The first pleading filed by the petitioners was in effect an answer in the form of a plea in abatement raising only the question of venue. After it was overruled, the petitioners had the right to plead further, but, since the statute did not fix the time to do so, it was the duty of the court to fix such time. We are of the opinion, and hold, that the request of the petitioners for the court to perform this duty did not constitute a general appearance and a waiver of their right to object to the prosecution of the cause in a county where the venue did not exist. The intention of the party in doing the act which it is contended constitutes a general appearance is an important element to be considered, since waiver is the intentional relinquishment of a known right and is largely a question of intention. Ex parte Cullinan, 234 Ala. 263, 139 So. 255, 81 A. L. R. 160; 27 R. C. L. 904; 67 C. J. 299. That the petitioners did not intend to waive the jurisdictional question by entering their appearance is shown by the fact that they immediately secured an order recalling the execution and then filed a second plea in abatement setting up that additional fact.

We conclude that petitioners did not, by asking time to plead or respond, waive the jurisdictional question and enter their general appearance.

c. In the second plea in abatement, which is still pending and undisposed of, the petitioners did not, by asking that the cause be dismissed, ask for affirmative relief and waive the jurisdictional question and enter their general appearance. This prayer related to the question of jurisdiction alone. Commonwealth Cotton Oil Co. v. Hudson, above. And, for the reasons stated under (b), above, the prayer therein for further time to plead in the event it should be overruled did not constitute a waiver of the question of jurisdiction.

We are committed to the rule that prohibition is the proper remedy to prevent a court from trying a case of which it lacks jurisdiction because the venue is in another county. Mills v. District Court of Lincoln Co., 187 Okla. 247, 102 P. 2d 589.

Other questions are raised, such as that the district court of Ottawa county alone has jurisdiction of the subject matter of the action, that the courts of this state do not have authority to quiet title to intangible personal property, and that the respondent has a plain, speedy, and adequate remedy at law. It is not necessary to the decision herein that we decide said questions, and we do not pass upon them.

Writ granted.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON JJ., concur.