## MEANS v. MARSHALL.
### No. 13866.

Court of Civil Appeals of Texas. Dallas.

March 5, 1948.

Cecil & Keith and John P. Blair, all of Beaumont, for appellant.

Marion B. Solomon, of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from an order overruling appellant's plea of privilege timely filed to be sued in the county of his residence; the venue issue involving the application of Subdv. 4, Art. 1995, R.C.S.

Appellee instituted this suit in Dallas County against Brown & Ross, Inc., resi-

dent of said county, and seven other non-resident defendants, one of whom was appellant J. C. Means, Jr., residing in Jefferson County. To maintain the suit against the nonresident defendants, under the applicable venue statute, plaintiff alleged in his petition, brought forward in his controverting affidavit to appellant's plea of privilege, that the several defendants, with others, during the years 1936 and 1937, and for sometime prior thereto, were engaged in the same insurance enterprise, a reciprocal exchange created and operated under and by virtue of Chapter 20, Title 78 of the Revised Civil Statutes of Texas; that each of the defendants was a subscriber to the exchange reciprocal contracts and policies of insurance incident to the corporate business, thereby becoming liable for his pro rata part of the indemnity extended to others by the insurer, and agreed to pay his pro rata part of all the losses and expenses arising out of said joint enterprise. The petition then contains a lengthy recitation of the class suit proceedings in the District Court of Travis County establishing the insolvency of the insurance exchange, claims aggregating in excess of $400,000 of its assets, and assessments against each subscriber, pro rata, equal to one additional annual premium on each policy in force during any part or all of the insolvency period of 1936 and 1937, with which to pay such claims, losses and expenses. A more detailed history of that suit, is related in the case of Richardson v. Kelly, Tex.Civ.App., 179 S.W.2d 991; Id., 144 Tex. 497, 191 S.W.2d 857, to which we here make reference, foreclosing assessments decreed against each of the defendants named specially, and against all others as class defendants who were not served with citation as were the defendants in the present suit. Thus we are driven to the conclusion that plaintiff's suit against the nonresident defendants and the resident defendant is joint and several; they having been engaged in the same insurance business; were parties to and bound by the same reciprocal contracts and undertakings; were members of the same association and their obligation to the plaintiff receiver arose out of the associated transaction, undertaking and scheme of insurance, and each became bound by the declaratory assessment decree rendered in the aforesaid class suit.

The liabilities due and owing by the defunct insurance exchange being the result of a common undertaking and policy contracts, each of said subscribers bound himself or itself to pay such liabilities, pro rata or proportionate part thereof. In the case of Richardson v. Kelly, supra, the Supreme Court held that the judgment in the class suit, supra, was neither void nor voidable; hence it only remained for the receiver, as here, in order to recover in his action against the subscribers, to show that they were subscribers during the insolvency period and the amount of the annual premium paid by them during that period. Thus applying the fundamental rule announced in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, adopted by the Supreme Court, that to maintain suit against a nonresident defendant under subdv. 4, Art. 1995, the plaintiff must establish his right to maintain venue where laid by alleging a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant, and must offer proof thereon that such is the nature of the suit; and by independent evidence prove that the defendant alleged to reside in the county where the suit is pending, does, in fact, reside in such county; and the further fact, that plaintiff has a cause of action as alleged against the resident defendant. Under such rule, it will be observed that plaintiff was not required to establish his cause of action against the nonresident defendant, and where plaintiff's pleadings disclose that the cause of action against the resident defendant is so intimately connected with the cause of action alleged against the nonresident defendant, the two may be joined under the rule intended to avoid a multiplicity of suits.

The evidence in this case conclusively shows that Brown & Ross, Inc., maintained its domicile in Dallas County at the time the suit was filed; that it was a subscriber at the insurance exchange; that its premiums during the insolvency were $467.58; that under the terms of the class

decree it became liable for an assessment in that amount and that the assessment has not been paid. It is equally clear that the pleadings of the plaintiff disclose close or intimate connection between the causes alleged against each defendant, as briefly indicated above; and, even if their liability is but several, and in adjustment of the litigation the trial court should find it to be necessary to adjudge, or allocate pro rata, the assessment against each defendant severally to the extent as decreed in the aforesaid class suit, the venue, nevertheless, was established where laid against the nonresident defendant.

The judgment of the court below is affirmed.