Will G. KNOX, Statutory Receiver of and for Allied Underwriters, Plaintiff in Error,

v.

C. H. McMILLAN and Wick Adair, Defendants in Error.

No. 35443.

Supreme Court of Oklahoma.

July 7, 1954.

Rehearing Denied Sept. 14, 1954.

Renne Allred, Jr., Austin, Tex., and J. A. Rinehart, El Reno, for plaintiff in error.

McClelland, Kneeland, Bailey & McClelland, Oklahoma City, for defendant in error, Wick Adair.

PER CURIAM.

This is an appeal from an order and judgment of the District Court of Oklahoma County, Oklahoma, sustaining a motion to quash service of summons on the defendant Wick Adair and also sustaining a motion of the defendant C. H. McMillan to strike the name of Wick Adair as a party defendant. The trial court sustained such motions upon the theory that venue of the action was lacking as to the defendant Wick Adair, a resident of Pontotoc County, Oklahoma, since the petition stated no joint liability against such defendant and the resident defendant C. H. McMillan. For convenience, the parties will be referred to under their respective trial court designations as plaintiff and defendant.

The petition of the plaintiff in this action is very lengthy and has attached thereto as exhibits numerous documents concerning which there is no present controversy. We shall, therefore, outline only those basic facts which appear material to a proper consideration of this appeal.

Plaintiff was appointed statutory receiver of Allied Underwriters, a reciprocal or inter-insurance exchange, on August 17, 1943 pursuant to an order, judgment and decree of the 126th Judicial District Court of Travis County, Texas, in Cause No. 68911 therein pending styled "The State of Texas vs. Allied Underwriters." Thereupon, said plaintiff instituted Cause No. 78751 in the same District Court of Travis County, Texas styled "Will G. Knox, receiver of and for Allied Underwriters vs. N. E. Archie, et al", which action was in the nature of a class suit for the purpose of

determining the necessity of an assessment and the amount thereof against the subscribers at Allied Underwriters who had policies of insurance in effect with such inter-insurance exchange during the period from December 31, 1940 to August 17, 1943.

Thereafter, said Cause No. 78751 duly proceeded to trial and on the 28th day of January, 1949, after the close of all the testimony, the plaintiff therein moved the court to discharge the jury and to enter judgment for plaintiff as prayed for in his petition. Such motion was by the court sustained and thereafter, on the 16th day of February, 1949, the court entered judgment in said cause wherein it was found, adjudged and decreed that the whole number or class of subscribers at Allied Underwriters between December 31, 1940 and August 17, 1943 consisted of approximately 1,482 persons, firms, individuals and corporations, and that the named and unnamed defendants answering therein and the named defendants not answering therein were in fact truly representative of all subscribers, and fairly represented all classes of subscribers at Allied Underwriters during the period in question. The court further found and adjudged in said cause that Allied Underwriters was insolvent throughout said period and that a necessity existed for an assessment to be made and levied against all of the subscribers during the period from December 31, 1940 to August 17, 1943, inclusive, and also adjudged and decreed that all policyholders and subscribers in such reciprocal exchange were bound by the subscribers' agreement whether or not such members actually signed said agreement.

It was further adjudged and decreed by the trial court in said cause that an assessment of 100 per cent of one additional annual premium or deposit premium should be made against each and every policyholder and subscriber, and upon the failure of any subscriber or subscribers to pay the amount of the assessment the receiver was ordered to institute such suits as might be necessary to enforce the collection of said assessments. An appeal was duly prosecuted from the judgment in said cause, and

on the 24th day of February, 1950, the Court of Civil Appeals of the Third Supreme Judicial District of Texas affirmed the judgment of the trial court.

Acting pursuant to the aforesaid judgment of the 126th Judicial District Court of Travis County, Texas in said Cause No. 78751, as affirmed on appeal, the plaintiff Will G. Knox, as Statutory Receiver of Allied Underwriters, filed this action against C. H. McMillan, a resident of Oklahoma County, and Wick Adair, a resident of Pontotoc County, Oklahoma, as Cause No. 126376 in the District Court of Oklahoma County. In his petition plaintiff specifically alleges, in addition to the facts above related, that each of the defendants is a proper party to the cause and *severally* liable upon the same obligation or instrument in that they became bound by the same reciprocal undertaking and that their obligation to the plaintiff arose out of the same transaction, undertaking and scheme of insurance, and that each is bound by the subscribers' agreement which is made a part of such petition. A separate judgment is prayed for against the defendant Adair in the amount of $756.18 based upon one additional annual premium on an automobile insurance policy in effect for a period from May 20, 1940 to May 20, 1941. In like manner, a separate judgment is sought against the defendant McMillan in the aggregate amount of $1,900.05, based upon premiums applicable to two Workmen's Compensation Insurance policies, two automobile insurance policies, two cargo insurance policies, in different amounts and covering different periods between January 7, 1942 and August 17, 1943.

█ The subscribers' agreement referred to in plaintiff's petition provides in numerical paragraph 3 thereof that the subscribers shall have no joint funds, capital or stock; and that the attorneys-in-fact shall not bind any one of the subscribers for the obligation of any other subscriber. It is thus apparent that the defendants in this action incurred no joint liability by reason of being subscribers and policyholders of Allied Underwriters. However, plaintiff contends in his original

brief that Title (2) § 234, Oklahoma Statutes 1951, authorizes the inclusion in the same action of persons severally liable under the circumstances delineated in his petition. Said Section 234 provides as follows:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

The foregoing statutory provision relating to joinder of parties was adopted from the Statutes of Kansas, as were the statutes relating to the commencement of actions. The Supreme Court of Kansas in construing such statutes both before and after their adoption in this jurisdiction, has repeatedly held that it is a prerequisite to the joinder of several causes of action in the same petition, except in actions to enforce mortgages or other liens, that all the causes of action alleged affect all the parties to the action. Harrod v. Farrar, 68 Kan. 153, 74 P. 624; Benson v. Battey, 70 Kan. 233, 78 P. 844; Griffith v. Griffith, 71 Kan. 547, 81 P. 178; State ex rel. Taggart v. Addison, 76 Kan. 699, 92 P. 581; Osborne v. Kington, 148 Kan. 314, 80 P.2d 1063; Pleifke v. Cline, 149 Kan. 9, 85 P.2d 996; Verdigris River Drainage District No. 1. v. City of Coffeyville, 149 Kan. 191, 86 P.2d 592. The last two cases above cited involved the question of venue jurisdiction over a nonresident of the county in which the action was brought, and therein the Supreme Court of Kansas held that in order to justify service of summons on a defendant in a foreign county it is not sufficient merely to obtain valid service on a defendant in the county in which the action is properly brought, but the causes of action against the parties must be rightly joined. To the same effect see Cole v. Thacker, 158 Kan. 242, 146 P.2d 665. It is a well settled general rule that the construction of a statute by the highest court of the jurisdiction from which it is taken is treated as incorporated therein when adopted. 50 Am.Jur., Statutes, Section 458. That rule has been recognized and applied in this jurisdiction. Harness v. Myers, 143 Okl. 147, 288 P. 285.

Venue is an incident of procedure and is governed by the law of the forum where a right of action is sought to be enforced. Harlow Publishing Co. v. Pennel & Harrison, 179 Okl. 360, 65 P.2d 1206; Aetna Casualty & Surety Co. of Hartford, Conn., v. Gentry, 191 Okl. 659, 132 P.2d 326, 145 A.L.R. 623.

The declared policy of this state with respect to venue of actions is set forth in Sections 131 to 140 and Section 154 of Title 12, Oklahoma Statutes 1951. The first eight of such enumerated sections specify the venue as to certain types or classes of action, and Section 139 refers to venue of all other types of action, and with the exception of certain portions not material here provides as follows:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned; * *."

Section 154 of the same title provides:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

In a long line of cases involving the venue statutes and the statutes relating to joinder of parties and of causes of action, this court has consistently held that in a transitory action the plaintiff cannot compel persons residing outside the county where the suit is brought to defend in that county unless the action be rightly brought therein and the petition state a joint cause of action against both the resident and nonresident defendants. Bryan v. Sullivan, 55 Okl. 109, 154 P. 1167; Fisher v. Fiske, 96 Okl. 36, 219 P. 683; Grady v. Rice, 98 Okl. 166, 224 P. 321; Wilkinson, v. Whitworth, 169 Okl. 286, 36 P.2d 932; State ex rel Murray, Governor v. Mortgage Security Corporation of America, 175 Okl. 503, 53 P.2d 560; State ex rel Gaines v. Beaver, 196 Okl. 560, 166 P.2d 776; Maggi v. Johnson, Judge, 200 Okl. 361, 194 P.2d 854; Bingham v. Williams, Okl.Sup. 264 P.2d 751.

In the case of Maggi v. Johnson, Judge, supra, it was held that an action is "rightly brought" within the meaning of Section 154 of our statutes relating to commencement of actions so as to authorize issuance of process to another county for service upon a nonresident defendant when, and only when, a joint transitory action is stated. We adhere to the construction so placed upon such section of our venue statutes which constitutes an exception to the general rule that a defendant is entitled to trial in the county of his residence or where he may be served with process. As previously indicated, this statutory provision was adopted from the State of Kansas and the decisions of this court construing the same are in accord with the decisions of the Supreme Court of Kansas relative thereto.

In support of his contention that Section 234, supra, relating to joinder of parties was intended to authorize the inclusion in the same action of all persons severally liable upon the same obligation or instrument wherever they may reside, plaintiff cites certain decisions from the State of Texas construing the venue statutes of that state. In his original brief he quotes in its entirety the opinion of the Dallas, Texas Court of Civil Appeals in the case of Means v. Marshall, 210 S.W.2d 605, 606, and contends that such decision should be decisive of the question here involved. We have carefully examined that decision and note that the court concluded that a joint and several liability had been pleaded. In its opinion the court says:

> "Thus we are driven to the conclusion that plaintiff's suit against the nonresident defendants and the resident defendant is joint and several."

In such decision the court refers to the rule announced by the Supreme Court of Texas in the case of Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302, in which the venue statutes of that state upon which the plaintiff here relies were involved. In that case the court said:

> "It is essential that a plaintiff seeking to obtain the benefit of exception 4 allege in his petition a joint cause of action against the resident and non-resident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits."

It is therefore clear from such decisions of the Texas courts that a nonresident defendant in that jurisdiction may not be joined in an action against a resident defendant unless a joint cause of action is stated, or unless the cause of action against the resident defendant is intimately connected with the cause of action against the nonresident defendant.

We have also examined the other decisions relied upon by plaintiff, including the case of Taggart v. George B. Booker & Co., 3 Terry 128, 28 A.2d 690, 694, which was an action to recover the aggregate of premiums on four contracts of insurance obtained through a reciprocal insurance exchange. A study of the opinion in that case discloses that the Superior Court of Newcastle County, Delaware, in overruling a general demurrer to the plaintiff's declaration, determined as a matter of pleading that the contention of the defendants that there was an improper joinder could not be reached by demurrer. It further appears that the Delaware court in upholding the sufficiency of plaintiff's pleading recognized that the alleged liability arose out of the contracts or policies of insurance as is indicated by the following statement in the opinion:

> "The declaration alleged that the subscribers to the Exchange, each represented by his attorney in fact, Keystone Indemnity Company, executed and delivered to the defendants the *contracts of insurance out of which the defendant's liability arises.*" (Italics ours.)

While such opinion contains an interesting discussion of the attributes of a reciprocal insurance exchange as well as the nature and efficacy of an assessment decree

or order made in connection with liquidation proceedings after insolvency, we find nothing persuasive therein with respect to the question involved in this appeal.

No decision of this court has been cited by plaintiff, and independent research indicates none can be found, wherein it has been held that a defendant, under the circumstances reflected by the record in this cause, may be compelled to appear and defend in another county upon timely and proper objection to the venue being asserted by such defendant. We are unwilling to place a construction upon our venue statutes, and those relating to joinder of parties and of causes of action, which would be at variance with the apparent legislative intent in the enactment thereof. The statutes of this state permitting a defendant to have certain actions tried in the county where he resides confer a valuable and substantial right which will not be denied upon a strained or doubtful construction of an exception specified therein. Parker v. Remy, 202 Okl. 400, 214 P.2d 243.

In the original petition in error in this cause the action of the trial court in sustaining the motion to quash on behalf of the nonresident defendant on the ground there was no *joint liability*, either alleged or in fact, between him and the resident defendant is set forth as the first assignment of error; and the third assignment of error is predicted upon the contention that the plaintiff's petition alleged the *joint liability* of the defendants on the same obligation or instrument and the same reciprocal undertaking. However, by an amendment to the petition in error, thereafter filed with leave of court, such assignments of error were amended whereby reference to the alleged liability of the defendants was changed from joint to several. It thus appears that the plaintiff's theory on appeal may constitute a departure from that urged before the trial court, although that fact cannot be determined definitely from the record itself. But irrespective of the theory relied upon, we think it is clear that no joint liability has been alleged and that the defendant Adair was not a necessary party to the action pleaded against the resident defendant. It therefore follows that the trial court did not err in sustaining the venue plea of the nonresident defendant.

The views herein expressed render it unnecessary to discuss separately the action of the trial court in sustaining the motion of the defendant C. H. McMillan to strike the name of Wick Adair as a party defendant on the ground of misjoinder of parties.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

ARNOLD, J., dissents.

This court acknowledged the services of attorneys, O. L. Lupardus, Richard H. Wills, Jr., and B. C. Franklin, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.